Filed 6/25/24  P. v. Noel CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PATRICK EVERETT NOEL,<br><br>        Defendant and Appellant. | A168631<br><br><br>(Mendocino County<br>Super. Ct. No.<br>   SCWLCRCR-04-58628) |

Defendant Patrick Noel appeals from a postjudgment order denying his petition for resentencing on his attempted murder conviction (Pen. Code, §§ 664, 187)[1] under section 1172.6 (former § 1170.95).  Appointed counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) raising no issue on appeal and requesting that we exercise our discretion to independently review the record to determine for ourselves whether any arguable issue exists.  Defendant thereafter took the opportunity afforded him under *Delgadillo* to file a supplemental brief raising certain issues for our review.

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

Having exercised our discretion to conduct an independent review of the record, we agree with appointed counsel there is no arguable issue on appeal. We therefore affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 26, 2003, around 9:30 p.m., Richard N. was walking toward Main Street in Willets when a black Mitsubishi Montero drove past. Richard recognized this vehicle as belonging to his friend Raelene D. and observed that defendant, his cousin, was driving and appeared to be alone. The Montero turned around and pulled up next to Richard. Richard saw a flash through the rear passenger side window, heard a gunshot, and felt a gust of wind on his neck. Richard immediately ran to the nearby home of a family friend and said, "Oh my god. [Defendant] shot at me."

Around 2:00 a.m. on November 27, 2003, defendant went to the house of Raelene, his former girlfriend, and tried to enter through her bedroom window. Defendant told Raelene that he tried to kill Richard because Richard snitched on him. Scared, Raelene told him to leave and went to her mother's bedroom. When she returned to her bedroom, defendant was trying to crawl inside, through her window.

Around 4:00 a.m. the same morning, the police responded to Raelene's house based on a report that defendant was trying to break in. The police found the black Montero in the street with a semiautomatic pistol in the front seat. During another search of the vehicle the next day, the police found a shell casing in the rear seat, in a location consistent with the driver's shooting a weapon out the rear passenger window.

In 2004, a jury convicted defendant of attempted murder of Richard N. (Pen. Code, §§ 664, 187; count one); assault on Richard N. with a firearm (Pen. Code, § 245, subd. (b); count two); unlawful participation in a criminal

2

street gang (Pen. Code, § 186.22, subd. (a); count three); assault on Raelene D. with a firearm (Pen. Code, § 245, subd. (b); count four); endangering a child, Jaedyn D. (Pen. Code, § 273a, subd. (a); counts five–six); kidnapping of Raelene D. and Jaedyn D. (Pen. Code, § 207, subd. (a); counts seven–eight); and vehicle theft (Veh. Code, § 10851, subd. (a); count nine). The jury also found true several enhancements, including that defendant personally and intentionally discharged a firearm in the commission of count one, attempted murder (Pen. Code, § 12022.53, subd. (c)), and that counts one and two were committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)).

The trial court partially granted defendant's motion for new trial by striking the gang enhancements in counts one and two before sentencing him to a total term of 41 years.

On February 26, 2007, this court issued a nonpublished opinion modifying the judgment to reflect that the sentence for the firearm enhancement was to run concurrently. Otherwise, the judgment was affirmed. (*People v. Noel* (Feb. 26, 2007, A110859).)

Defendant then filed a petition for writ of habeas corpus in federal court, resulting in an unpublished memorandum opinion by the Ninth Circuit Court of Appeals (Ninth Circuit) on March 19, 2015. In this opinion, the Ninth Circuit concluded insufficient evidence supported count three, unlawful participation in a criminal street gang, because the record established defendant acted alone in shooting the victim, while the statute, section 186.22, subdivision (a), required multiple participants. Defendant's sentence was thus reduced to 37 years.

3

In April 2023, defendant filed a petition for resentencing under section 1172.6. Counsel was appointed at his request. The People opposed the petition, arguing defendant failed to state a prima facie case for relief.

In June 2023, the trial court conducted a prima facie hearing. In addition to reviewing the petition and its opposition, the trial court reviewed the third amended abstract of judgment, the procedural history of the case as set forth in the third amended probation report, the sentencing transcript from December 2019, our previous nonpublished opinion (*People v. Noel, supra*, A110850), prior abstracts of judgment, and the Ninth Circuit opinion relating to defendant's habeas corpus proceedings. Afterward, the court denied defendant's petition, explaining in a written statement of decision: "The petitioner was the actual shooter, having been found by jury to have had an intent to kill the victim when petitioner shot him with a firearm. Petitioner was not prosecuted under a theory of felony murder or a theory of natural and probable consequences. The jury found true the allegation that the petitioner personally and intentionally discharged a firearm during the course of this offense. (Pen. Code §12022.53.)" This timely appeal followed.

## DISCUSSION

It has long been the rule under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) This procedure is "compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution [in an appellant's first appeal as of right]." (*Ibid.*) However, *Delgadillo* held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing

4

because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224–225.) *Delgadillo* also held that if the defendant files a supplemental brief, the reviewing court must evaluate the arguments therein, but the court is not required to independently review the entire record to identify unraised issues unless it chooses to exercise its discretion to do so. (*Id.* at p. 232.)

Guided by these principles, we exercise our discretion to independently review the record although we are not constitutionally required to do so, in addition to evaluating the issues raised in defendant's supplemental brief. We begin with the applicable law.

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 . . . , Senate Bill [No.] 1437 added [former] section 1170.95, [now section 1172.6,] which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

A subsequent amendment to former section 1170.95 (now section 1172.6) extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine or manslaughter. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

Thus, "[o]ne of the requirements for the prima facie showing [under section 1172.6] is that the petitioner 'could not presently be convicted of

5

murder or attempted murder because of changes to Section 188 or 189' made by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) Accordingly, a court may deny the petition at the prima facie stage if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by Senate Bill No. 1437." (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931 (*Berry-Vierwinden*).)

"The record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.)

Based on these principles, the trial court properly denied defendant's resentencing petition for failure to make a prima facie showing of entitlement to relief under section 1172.6 because his record of conviction irrefutably shows he acted alone in shooting the victim. As the court noted, defendant was not prosecuted under a theory of felony murder or natural and probable consequences. The jury found that defendant acted with the intent to kill when he shot the victim and that he personally and intentionally discharged a firearm to do so. Thus, because the record of conviction established defendant was not convicted under any vicarious liability theory, relief was properly denied. It is well settled section 1172.6 precludes relief as a matter of law where the record of conviction shows a defendant was the sole perpetrator and actual shooter. (*Delgadillo, supra*, 14 Cal.5th at p. 233 [defendant was "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing"]; *People v. Garcia* (2022) 82 Cal.App.5th 956, 969 [affirming denial of resentencing

because the record of conviction "unequivocally establishes" the defendant was the sole perpetrator].)

Defendant, in supplemental briefing, does not deny being the sole participant in the shooting. Nonetheless, he asks for relief under section 1172.6 due to his "lack of malice." As explained, a defendant, such as our defendant, who actually shot the victim cannot rely on lack of malice to state a prima facie case for relief under 1172.6, since this theory was not affected by the statutory amendments to sections 188 or 189. (*Berry-Vierwinden, supra*, 97 Cal.App.5th at p. 931.)

Lastly, defendant raises an additional issue that the court should have exercised its discretion to dismiss his sentencing enhancements under Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), particularly since he was only 19 years old when the crimes were committed. We decline to address this issue. Defendant appealed the denial of his petition for resentencing under section 1172.6. Senate Bill 81, in turn, amended section 1385 to specify mitigating circumstances that the trial court should consider in deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.) When the trial court made the order under appeal, it expressly declined to consider a separate motion defendant filed to "dismiss enhancements," explaining that only the section 1172.6 petition was before it. Thus, since the only order on appeal is the denial of defendant's resentencing request under section 1172.6, we will not consider his unresolved request to strike enhancements. (*A.N. v. County of Los Angeles* (2009) 171 Cal.App.4th 1058, 1064 [an appellate court's role is to review the decision actually made by the trial court].)

7

Having independently reviewed the record, we agree with appointed counsel no reasonably arguable appellate issue exists and thus affirm. (*Delgadillo, supra*, 14 Cal.5th at p. 233.)

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.


A168631/*People v. Patrick Everett Noel*

8